UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD T. COLEMAN,<br>Plaintiff,<br><br>v.<br><br>ANDOVER SELECT GREGORY, et al.,<br>Defendants. | Civil Action No.<br>23-11749-NMG |

ORDER

GORTON, J.

On July 31, 2023, Donald T. Coleman filed his one-page, self-prepared complaint accompanied by a motion for leave to proceed in forma pauperis. On November 13, 2023, Coleman was granted leave to proceed in forma pauperis and was advised that his complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B). The court's order explained that the complaint failed to alleged facts from which the court may reasonably infer that any of the defendants violated his rights under federal law. Additionally, the order stated that without diversity jurisdiction, the court is unable to consider plaintiff's defamation claim.

Coleman was advised that to proceed, he must file an amended complaint that provides a basis for this court's subject matter jurisdiction and states a plausible claim for relief.

After receiving several extensions of time, Coleman timely filed his amended complaint on January 18, 2024.

Now before the court are Coleman's amended complaint, Doc. No. 11, and one-page correction, Doc. No. 12. Named as defendants are five police officers, the wife of a patrolman, the Patrolman's Association, and the Town of Andover Select Board member Gregory. Am. Compl. at ¶¶ 2 - 6. Plaintiff asserts this court's diversity jurisdiction pursuant to 28 U.S.C. §1332. Id. at ¶ 7.

As in the original complaint, Coleman again asserts defamation claims against Select Board Chair Gregory, Sargent James Reilly and Jane Reilly. Id. at ¶¶ 8 - 11. He complains that defendant Gregory ordered the chief of police to remove Coleman from a meeting of the Select Board. Id. at ¶ 11. Finally, Coleman asserts a malicious prosecution claim against several Andover police officers for filing a larceny charge in Haverhill District Court. Id. Plaintiff signed the amended complaint on behalf of himself and the estate of his mother, Evelyn Lund. Id. at 2. Attached to the amended complaint are documents from the Haverhill and Lawrence district courts. Id. at 3 - 4.

As an initial matter, without counsel, Coleman may represent himself, but he cannot represent his mother's estate. An individual may appear in federal court, either "pro se or

[2]

through legal counsel." <u>Herrera-Venegas v. Sanchez-Rivera</u>, 681 F.2d 41, 42 (1st Cir. 1982); <u>see also</u> <u>Hootstein v. Amherst-Pelham Reg'l Sch. Comm.</u>, 361 F. Supp. 3d 94, 101 (D. Mass. 2019); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such court, respectively, are permitted to manage and conduct causes therein."); Local Rule 83.5.5(b) of the Local Rules of the U.S. Dist. Ct. for the Dist. of Mass. (2015) ("An individual appearing <u>pro se</u> may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf.").

To the extent the amended complaint asserts a defamation claim, without diversity jurisdiction, the court cannot consider plaintiff's defamation claim. Here, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332 because the plaintiff and the defendants appear to be citizens of Massachusetts.

Coleman's contention that his rights were violated suggests that he may seek to assert a claim under the federal civil rights statute, 42 U.S.C. § 1983.[1] Speaking broadly, § 1983

---

[1] "42 U.S.C. § 1983 ... furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." <u>Alfano v. Lynch</u>, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing <u>Kalina v.</u>

[3]

provides a remedy for the violation of federal right by a person acting under the color of state law, but its application is not without limitations.

To the extent Coleman asserts claims against Jim and Jane Reilly, the amended complaint fails to state a claim because witnesses who testify in state or federal court proceedings are absolutely immune from liability for damages for their testimony. See Briscoe v. LaHue, 460 U.S. 325, 329-46 (1983) (police officer witness at trial).

However, to the extent Coleman contends that Officer Blaouin and Officer Reming "aided and abetted" Officer Reilly in prosecuting Coleman on a larceny charge in Haverhill District Court, such malicious prosecution claim will be permitted to proceed at this time. See Andover Police Department v. Coleman, 2038AC000114 (Haverhill District Court) (no probable cause found); Doc. No. 11 at 3.

Based upon the foregoing,

1. The Clerk shall issue summonses for defendants Brian Blaouin, Pete Reming and James Reilly. Plaintiff is responsible for ensuring that the summonses, amended complaint and this order are served on defendants Blouin,

---

Fletcher, 522 U.S. 118, 123 (1997)).

[4]

Reming and Reilly in accordance with Rule 4 of the Federal Rules of Civil Procedure.

2. The remaining claims against the remaining defendants are dismissed in accordance with the Court's November 13, 2023 Order, pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state claim on which relief can be granted.

3. Because the plaintiff is proceeding in forma pauperis, he may elect to have the United States Marshals Service ("USMS") complete service of the amended complaint on defendants Blaouin, Reming and Reilly, with all costs of service to be advanced by the United States. If the plaintiff chooses to have service completed by the USMS, he shall provide the agency with a copy of this order, all papers for service, and a completed USM-285 form for each party to be served.  The USMS shall complete service as directed by the plaintiff with all costs of service to be advanced by the United States.  The Clerk shall provide the plaintiff with a blank USM-285 form and instructions for service.

4. The plaintiff shall have 90 days from the date of the issuance of the summons to complete service of the amended complaint on defendants Blaouin, Reming and Reilly. Failure to complete service within 90 days may result in dismissal of the action without further notice from the

Court.  See Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: ~~January~~ Feb. 20, 2024